UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PAUL RUTHERFORD                CIVIL ACTION NO. 09-cv-1553

VERSUS                          JUDGE HICKS

WYETH, INC., ET AL            MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Paul Rutherford, represented by counsel, filed this civil action against pharmaceutical companies for personal injuries allegedly suffered after Mr. Rutherford consumed a drug known as metoclopramide. The case proceeded for almost two years. Counsel for Mr. Rutherford then filed motions to withdraw (Docs. 53 and 54), which the court granted. The motions attached correspondence in which counsel informed Mr. Rutherford that the Supreme Court recently issued a decision that prevented Mr. Rutherford from recovering anything in this lawsuit. Counsel asked Mr. Rutherford to, if he no longer wished to pursue the matter, sign and return the letter, but Mr. Rutherford did not do so.

The court issued an order (Doc. 55) that granted the motions to withdraw, strongly encouraged Mr. Rutherford to retain new counsel, and granted him approximately 30 days, ending November 21, 2011, to either (1) enroll new counsel to represent him in this case, or (2) file with the court a written statement that he intends to represent himself. The order warned: "Failure to take one of those steps prior to November 21, 2011 may result in Plaintiff's case being dismissed, without further notice, for failure to prosecute." A copy of

the order was mailed to Mr. Rutherford at his last address, provided by counsel, and the mail has not been returned.

The November 21, 2011 deadline has passed, but there has been no action of record by Mr. Rutherford or an attorney acting on his behalf. The court provided ample time for Mr. Rutherford to secure new counsel or indicate his desire to proceed without counsel. Mr. Rutherford has not taken even the simple step of alerting the court that he desires to proceed on his own. It is highly unlikely that a plaintiff who is unwilling to take such a simple step is interested enough in his case to comply with the other more serious requirements of litigation. Attempting to proceed further with this action would be a waste of time and resources for the court and other parties. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly,

**IT IS RECOMMENDED** that this civil action be **dismissed without prejudice** for failure to prosecute.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of December, 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE